## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ORA BRAND PROPERTIES, LLC, an Illinois limited liability company,<br><br>                Plaintiff,<br><br>      v.<br><br>ECO FRIENDLY DENTISTRY, P.C., an Illinois corporation, and<br>AHMED MATARIA, individually,<br><br>                Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff, ORA BRAND PROPERTIES, LLC ("ORA"), for its Complaint against Defendants ECO FRIENDLY DENTISTRY, P.C. and AHMED MATARIA, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for trademark infringement, dilution, unfair competition, and cyberpiracy under the Lanham Act, 15 U.S.C. § 1114, § 1125 (a), (c) and (d); common law trademark infringement, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, § 815 ILCS 505.

2. Plaintiff ORA BRAND PROPERTIES, LLC ("ORA") has developed and owns proprietary rights in certain valuable trade names, service marks and trademarks, including, but not limited to, the federally registered trademark for the brand "ECO-FRIENDLY DENTISTRY" (Federal Registration No. 77666156) ("the ORA Mark"). On personal knowledge as to its own acts and upon information and belief formed after reasonable inquiry as

{01034593.DOC / }

to the acts of others, ORA brings this Complaint against ECO FRIENDLY DENTISTRY, P.C. and AHMED MATARIA.

## THE PARTIES

3. Plaintiff ORA is an Illinois limited liability company with its principal place of business in Chicago, Illinois. ORA is authorized by the State of Illinois and the Illinois Department of Financial and Professional Regulation to perform dentistry and oral and maxillofacial surgical services.

4. Defendant, ECO FRIENDLY DENTISTRY, P.C. ("EFD") is an Illinois corporation having a principal place of business in Chicago, Illinois. ECO FRIENDLY DENTISTRY, P.C. is a provider of dental services in the metropolitan Chicago area.

5. Defendant, AHMED MATARIA ("MATARIA"), is the owner and president of ECO FRIENDLY DENTISTRY, P.C.

## JURISDICTION, VENUE, AND COMMERCE

6. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. §1051 *et seq*. This Court has jurisdiction over the subject matter of Counts I-IV pursuant to 15 U.S.C. 1121(a) and 28 U.S.C. §§1331 and 1338.

7. This Court has jurisdiction over claims in his Complaint that arise under state statutory or common law pursuant to 28 U.S.C. §§1367(a) and 1368(b) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has jurisdiction over EFD because it resides in this judicial district and because ORA suffered harm in this judicial district as a result of EFD's acts complained of herein.

9. This Court has jurisdiction over Dr. Mataria because he resides in this judicial district and because ORA suffered harm within this judicial district as a result of Dr. Mataria's acts complained of herein.

## FACTS APPLICABLE TO ALL COUNTS

### ORA and Its Trademarks

10. ORA has developed and owns proprietary rights in certain valuable trade names, service marks and trademarks, including, but not limited to, the trademark "ECO-FRIENDLY DENTISTRY" (Federal Registration No. 77666156) ("the ORA Mark"); designs and color schemes for green dental services, medical billing services, oral surgery and dental educational services; and manuals covering green business practices and policies.

11. ORA has expended substantial time, effort, and resources to create high performance dental offices and patient experiences that are healthy, productive, efficient, and green.

12. ORA strives toward a new model of Green Healthcare where toxic-free buildings, literacy around local environmental issues, and the use of safe, effective, precaution-based medicine are all vital to its business model and practice.

13. ORA's practices strictly follow LEED (Leadership in Energy and Environmental Design) and GGHC (Green Guide for Health Care) protocol for construction of green dental practices.

14. LEED is a nationally accepted benchmark for the design, construction and operation of high performance green buildings. GGHC is a best practices guide for healthy and sustainable building design, construction, and operations for the healthcare industry.

### EFD, Dr. Mataria and Their Infringing Acts

15. EFD and Dr. Mataria began using the ORA Mark, without ORA's knowledge or authorization, for Defendants' business advertising and on their website at www.ecofriendlydentistry.com in or about March 2013.

16. On April 22, 2015, ORA sent Defendants and Clue Dental Marketing, Inc. ("CDM"), the host of Defendants' website, a cease and desist letter demanding that Defendants and CDM immediately stop using the ORA Mark. After reviewing ORA's information, CDM agreed that the www.ecofriendlydentistry.com website infringed the ORA Mark and agreed to remove the site. The website was taken down shortly thereafter.

17. Defendants refused to comply with ORA's demands.

18. On June 13, 2015, Dr. Mataria called Plaintiff and requested a free license to use the ORA Mark. Plaintiff refused the request. Dr. Mataria then became hostile and threatened to "spend several hundred thousand dollars" to fight Plaintiff in court. After determining the telephone call was not productive, Plaintiff ended the call.

19. On or about July 28, 2015, Dr. Mataria resurrected the infringing www.ecofriendlydentistry.com website, without the consent or authorization of ORA, using Go Daddy as a new host. At this time, ORA is once again working with the host to have the infringing website taken down.

## COUNT I

### Infringement of Federally Registered Trademark and Service Mark
### (15 U.S.C. § 1114(1)(a))

20. ORA repeats and realleges each and every allegation contained in the paragraphs above with the same force and effect as if here set forth in full.

21. Since at least January, 2008, ORA has used the ORA Mark in commerce in connection with all its services and at all of its Chicago locations.

22. A copy of ORA's advertising material from 2008 is attached hereto as Exhibit A.

23. On February 9, 2009, ORA applied to register the ORA Mark with the United States Patent and Trademark Office ("the USPTO"). The ORA Mark was assigned serial number 77666156.

24. On December 22, 2009, the ORA Mark was registered on the Supplemental Registry. The ORA Mark was assigned Federal Registration number 3,730,235. After using the ORA Mark for more than five (5) years in commerce and in connection with all of its services, ORA applied to register the ORA Mark on the federal registry. The application was assigned Serial Number 86626901 and is currently pending with the USPTO.

25. Defendants had both actual and constructive knowledge of ORA's ownership of and rights in its federally registered mark prior to Defendants' infringing use of the ORA Mark.

26. Defendants adopted and continue to use in commerce ORA's federally registered mark, and marks confusingly similar thereto, with full knowledge of ORA's superior rights, and with full knowledge that their infringing use of the ORA Mark was intended to cause confusion, mistake and/or deception.

27. Defendants offer their goods and services under the infringing marks in the same channels of trade as those in which ORA's legitimate services are offered.

28. Defendants' infringing use of the ORA Mark is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association with ORA, in violation of 15 U.S.C. §1114.

29. Defendants' actions, and refusal to change, despite repeated communications demonstrating their infringing actions, constitute knowing, deliberate, and willful infringement of ORA's common law and federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

30. As a result of Defendants' infringement, ORA has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ORA in its federally registered mark. The continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT II

### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

31. ORA repeats and realleges each and every allegation contained in the paragraphs above with the same force and effect as if here set forth in full.

32. Defendants have deliberately and willfully attempted to trade on ORA's long-standing and hard-earned goodwill in its name and marks and the reputation established by ORA in connection with its services, as well as in order to confuse consumers as to the origin of Defendants' services and to pass off their services in commerce as those of ORA.

33. Defendants unauthorized and tortious conduct has also deprived and will continue to deprive ORA of the ability to control the consumer perception of its services offered under ORA marks, placing the valuable reputation and goodwill of ORA in the hands of Defendants.

34. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with ORA, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

35. Defendants had direct and full knowledge of ORA's prior use of and rights in its marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

36. As a result of Defendants' aforesaid conduct, ORA has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by ORA in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which ORA has no adequate remedy at law. ORA will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT III

### Federal Dilution by Tarnishment
### (15 U.S.C. § 1135(c))

37. ORA repeats and realleges each and every allegation contained in the paragraphs above with the same force and effect as if set forth in full herein.

38. The ORA name and ORA Mark are famous and distinctive, have achieved secondary meaning by continuous use in commerce for more than five (5) years, and are entitled to protection against dilution by blurring and tarnishment.

39. Defendants commenced use of the ORA Mark in commerce after the ORA Mark had become famous and distinctive.

40. By using the ORA Mark, Defendants are deceiving consumers as to the nature of the services provided and as to the origin of those services. Defendants have injured and will continue to injure Plaintiff ORA's business reputation, have tarnished the distinctive quality of ORA's famous name and marks, and have lessened the capacity of ORA's famous name and the ORA Mark to identify and distinguish Plaintiff ORA's services, in violation of 15 U.S.C. § 1125(c).

41. As a result of Defendants' tarnishment of ORA's name and the ORA Mark, ORA has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ORA in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which ORA has no adequate remedy at law. ORA will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT IV

**Violation of Anti-Cybersquatting Consumer Protection Act (Cyberpiracy)**
**(15 U.S.C. § 1125(d))**

42. ORA realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

43. As alleged above, Defendants have registered, trafficked in, and used Internet domain names that contain or consist of the ORA Mark (the "Infringing Domain Names").

44. Defendants have registered and are using the Infringing Domain Names without ORA's authorization and with a bad faith intent to profit from the ORA Mark, in violation of 15 U.S.C. § 1125(d).

45. The ORA Mark was distinctive and famous at the time the Defendants registered the Infringing Domain Names and remain distinctive today.

46. The Infringing Domain Names were confusingly similar to the ORA Mark at the time Defendants registered the Infringing Domain Names, and they remain so today.

47. The Infringing Domain Names do not resolve to websites owned by ORA. Rather, they resolve to websites controlled by Defendants, which profit from their use.

48. Defendants did not believe and could not reasonably have believed their use of the Infringing Domain Names constituted fair use or was otherwise lawful.

49. As a result of Defendants' wrongful registration and use of the Infringing Domain Names, ORA has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ORA in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which ORA has no adequate remedy at law. ORA will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders that the Infringing Domain Names be transferred to ORA.

## COUNT V

### Violations of Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS 510/1 *et seq*.)

50. ORA repeats and realleges each and every allegation contained in the above paragraphs with the same force and effect as if set forth in full herein.

51. Defendants have engaged in unfair competition by intentionally using the ORA Mark to trade on ORA's long-standing and hard-earned goodwill in its name and marks, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' services and to pass their services off as those of ORA.

52. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants services with ORA, and as to the origin, sponsorship or approval of Defendants and their services.

53. Defendants had direct and full knowledge of ORA's prior use of and rights in the ORA Mark before the acts complained of herein.

54. Defendants' unlawful and unfair conduct has led to a material diminution of the reputation and goodwill established by ORA in its marks.

55. As a result of Defendants' aforesaid conduct, ORA has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ORA in the ORA Mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which ORA has no adequate remedy at law.

## COUNT VI

### Violations of Illinois Unfair Business Practices Act
### (815 ILCS 505/1 *et seq*.)

56. ORA repeats and realleges each and every allegation contained in the above paragraphs with the same force and effect as if here set forth in full.

57. Defendants have falsely and intentionally indicated that their services are affiliated with or sponsored or approved by ORA, by their infringing use of the ORA Mark, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, § 815 ILCS 505.

58. Defendants have misrepresented the origin of their services by their unauthorized and infringing use of the ORA Mark with the intent that others rely upon the concealment of such material fact.

59. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants services with ORA, and as to the origin, sponsorship or approval of Defendants and their services.

60. As a result of Defendants' aforesaid conduct, ORA has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ORA in the ORA Mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which ORA has no adequate remedy at law. ORA will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT VII

### Illinois Trademark Infringement and Unfair Competition

61. ORA realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

62. Defendants have deliberately and willfully attempted to trade on ORA's long-standing and hard-earned goodwill in its name and marks and the reputation ORA established in connection with its products and services, as well as to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass their services off as those of ORA.

63. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive ORA of the ability to control the consumer perception of its services offered under ORA's marks, placing the valuable reputation and goodwill of ORA in the hands of Defendants.

64. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants services with ORA, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Illinois common law.

65. As a result of Defendants' aforesaid conduct, ORA has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ORA in the ORA Mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which ORA has no adequate remedy at law. ORA will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

WHEREFORE, ORA BRAND PROPERTIES, LLC requests that judgment be granted in its favor of Plaintiff and against ECO FRIENDLY DENTISTRY, P.C. and AHMED MATARIA and that this Court grant it the following relief:

A. Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

1. Using in any manner the ORA Mark, or any name, mark or domain name that wholly incorporates the ORA Mark or is confusingly similar to or a colorable imitation of this mark, including, without limitation, www.ecofriendlydentistry.com;

2. Using or displaying the ORA Mark on any websites, products, or promotional materials in any false and/or deceptive manner;

3. Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective patients of ORA's services as to the source of the services, or likely to deceive members of the public, or prospective patients, into believing that there is some connection between Defendants and ORA;

4. Committing any acts which will tarnish, blur, or dilute, or are likely to tarnish, blur, or dilute the distinctive quality of the famous ORA Mark; and

5. Making any representations, express or implied, that ORA is affiliated with or sponsors or approves of Defendants or their services.

B.  Directing Defendants to transfer to ORA (at no cost to ORA) all domain names that contain or consist of the ORA Mark, including but not limited to www.ecofriendlydentistry.com;

C.  Ordering Defendants to preserve through trial and then deliver up for destruction, pursuant to 15 U.S.C. § 1118, all Internet webpages / scripts / html code, articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles, templates or other matter in the possession, custody, or under the control of Defendants or its agents bearing the ORA Mark, in any manner, or any mark that is confusingly similar to or a colorable imitation of the ORA Mark;

D.  Ordering Defendants to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and dba filings, that include the ORA Mark or amend those registrations to names that do not include the ORA Mark, and to remove any references to any business registrations, including corporate names and dba filings, that include the ORA Mark;

E.  Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

F.  Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon ORA within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of services under the ORA Mark as set forth above;

G.  Ordering Defendants to pay a judgment in the amount of ORA's actual damages

under 15 U.S.C. § 1117 and Illinois law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in a amount to be proven at trial;

      H.      Ordering Defendants to pay ORA's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or Illinois law;

      I.      Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under Illinois law as appropriate; and

      J.      Granting ORA such other and further relief as the Court deems just and proper.

## JURY DEMAND

ORA BRAND PROPERTIES, LLC demands a trial by jury on all issues as to which trial by jury is allowed.

Respectfully submitted,

ORA BRAND PROPERTIES, LLC

By: /s/Jeanne M. Hoffmann
Jeanne M. Hoffmann (#6201309)
Alec J. Miller (#6280626)
*Of counsel*
Bryce Downey & Lenkov LLC
200 N. LaSalle, Suite 2700
Chicago, Illinois 60601
Telephone: (312) 377-1501
jhoffmann@bdlfirm.com
amiller@bdlfirm.com

Attorneys for Plaintiff ORA Brand Properties, LLC